■ In the Matter of LAURENCE SALOMON, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board affirming an order of the State Division of Human Rights which dismissed a discrimination complaint after preliminary investigation for lack of probable cause. Petitioner held the tenured rank of Associate Professor of History and African Studies at the State University College at New Paltz when he was notified in March of 1976 that he would be dismissed on August 31, 1976 because of retrenchment in the African studies program. In April, petitioner applied for a position as assistant professor in the black studies department, but received no response. In January, 1977, petitioner learned that the position he had applied for had been filled by a new Black professor who, he alleges, taught a course in African Studies, petitioner's field of expertise. In February, petitioner made an informal complaint to the college's affirmative action officer, but after being advised that the complaint was being investigated, heard nothing more. Therefore, petitioner filed a formal complaint with the State Division of Human Rights on June 2, 1977, alleging job discrimination on the basis of race. Petitioner asserts that he was discharged and not reassigned to or rehired by the black studies department because he is white and the Black Studies Department at New Paltz hires only Black faculty. Petitioner relies on the hiring of only Black faculty members after his discharge and the denial of his applications to the black studies department in 1976 and 1978. Respondents contend that petitioner's discharge was solely due to his low seniority in the African studies department which was legitimately retrenched due to a mandated budget cut. Respondents further assert that petitioner was not rehired because there are no course offerings in African history, petitioner's field of study and expertise, in the black

studies program. Respondents deny that petitioner's former course load is being currently taught by new Black faculty. Respondents admit that new Black faculty were appointed to the black studies department, but assert that their job requirements involved credentials in areas in which petitioner was not well qualified. The vacancy petitioner applied for in April of 1976 was filled by a part-time instructor with a Master's degree in black studies who taught Introduction to Black Studies, History of Slavery in the Americas and Black History I. A new department head was appointed in the fall of 1976. Although he was a historian, he had administrative experience and had taught political science courses, whereas petitioner had done neither. The State Division of Human Rights dismissed petitioner's complaint because it found no probable cause to believe that petitioner had suffered racial discrimination. It found that the African studies department was separate and apart from the black studies program and concluded that petitioner's discharge had been due totally to retrenchment. It also found that petitioner was not rehired because, although he was a competent Africanist (historian), he was less well qualified in the area of black studies. The division also noted that petitioner had made his complaint more than one year after the alleged act of discrimination. The State Human Rights Appeal Board affirmed the dismissal of the complaint on November 16, 1978 and this proceeding ensued. Because the petitioner added allegations of discriminatory denial of applications for employment in 1978 to the record presented to the State Human Rights Appeal Board, the one-year Statute of Limitations for administrative remedies (Executive Law, § 297, subd 5) has been complied with, at least insofar as petitioner's allegations of his continuing inability to gain a position in the black studies department is concerned. We, therefore, consider whether petitioner has established cause to believe he is the victim of a continuing policy against hiring qualified professors who are white in the Black Studies Department at the State University College at New Paltz. A court reviewing the determination made by an administrative agency is limited to a consideration of whether that resolution was supported by substantial evidence upon the whole record *(300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181). Further, courts should assume academic oversight with caution and restraint, particularly in such sensitive areas as faculty appointment, promotion and tenure, especially in institutions of higher learning *(State Div. of Human Rights v Columbia Univ. in City of N. Y.*, 39 NY2d 612, 619; *Matter of Pace Coll. v Commission on Human Rights of City of N. Y.*, 38 NY2d 28, 38). Here, the findings of the division and the appeal board are supported by substantial evidence in the record and, therefore, must be confirmed. Order confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.